**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORIGA**
**WAYCROSS DIVISION**

ROBERT TAYLOR and REBECCA
LASTINGER, as Surviving Parents and
Administrators of the Estate of ETHAN
TAYLOR, Deceased; KAYLA HERRIN, as
mother of ETHAN TAYLOR'S surviving
minor child, M.K.M; KYLA THORNTON, as
mother of ETHAN TAYLOR'S surviving
minor children, D.J.T., AND E.H.T.,

        Plaintiffs,

v.

PIERCE COUNTY, GEORGIA; Johnny
Mizell, in his Individual Capacity; Chanda
Shubert, LPN, in her Individual Capacity;
Sheriff John Ramsey Bennett, Individually
and in his Official Capacity as Sheriff of
Pierce County, Georgia; Dr. Clay Lee, in his
Individual Capacity; Dr. Jeffy Mullis, in his in
his Individual Capacity; Faith Family
Practice, LLC; Bradley Page, PA-C, in his
Individual Capacity; Clifford Mosley, in his
Individual Capacity; Germiska McGauley-
Mailes, in her Individual Capacity,

        Defendants.

**CIVIL FILE ACTION NUMBER:**

**5:25-cv-00072-LGW-GWC**

---

**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

COME NOW BRADLEY PAGE, PA-C, and Faith Family Practice LLC, two named

Defendants in the above-referenced civil action ("Defendant Page" and "FFP", respectively), and

pursuant to Fed. R. Civ. P. Rule 12(b)(6) and applicable state and federal law as further shown

herein, files this their Motion to Dismiss to Plaintiffs' Complaint for Damages ("Complaint") by

showing this Court as follows:

## I.    <u>INTRODUCTION & BACKGROUND</u>

Ethan Taylor was arrested at approximately 9:26 pm on Wednesday, December 27, 2023, and subsequently booked into the Pierce County Jail. Doc. 1, at 6.  He was subsequently evaluated by a nurse at approximately 9:13 am the following morning. Id.  Plaintiffs allege Taylor then began experiencing fentanyl withdrawal symptoms during the evening of December 28th. Id. Nurse Shubert examined Mr. Taylor the following morning and determined he was undergoing opiate withdrawals.  Id. She then coordinated with Defendant Page to prescribe Phenergan, Vistaril, and Depakote to treat Mr. Taylor for his withdrawal symptoms. Id.

Specifically as to Defendant Page, Plaintiffs have asserted he is an employee of Faith Family Practice, LLC, while performing duties related to providing care to Pierce County inmates and that he "approved" prescriptions of Phenergan, Vistaril, and Depakote for the decedent after he was evaluated for drug withdrawals on December 29, 2023. Doc. 1 at 6-7, ¶ 31. Plaintiffs also allege he was the Physician Assistant on call and for supervising the nurses providing care to inmates at the jail, and that Page did not physically go to the jail to evaluate Mr. Taylor. Id.  These are the only factual allegations asserted by Plaintiffs in their 33-page Complaint.  Doc. 1, *generally*.

Plaintiffs allege vicarious liability claims against FFP for the actions of Defendant Page, and Defendants Shubert, Lee, and Mullis, as it relates to nearly identical generic claims of professional negligence against those individuals.

Plaintiffs Robert Taylor and Rebecca Lastinger, as the Surviving Parents and Administrators of the Estate of Ethan Taylor, deceased, in addition to Kayla Herrin, as mother of Ethan Taylor's surviving minor child, M.K.M., and Kyla Thornton, as mother to Ethan

Taylor's surviving children, D.J.T and E.H.T, filed this action on July 18, 2025, regarding claims associated with the death of Ethan Taylor on December 30, 2023. Doc. 1, generally. In their lawsuit, Plaintiffs have named multiple defendants, including Defendant Page, Faith Family Practice, LLC, Dr. Clay Lee, Dr. Jerry Mullis, and Chanda Shubert, LPN.[1] The claims against Page, Lee, Mullis, and Shubert, are all in their individual capacities, and the claims against Faith Family Practice, LLC are essentially vicarious liability claims for the actions of Page, Lee, Mullis, and Shubert. In Counts VII and IX and relevant to this Motion, Plaintiffs have alleged claims of deliberate indifference and medical professional negligence against Defendant Page, contained in. Doc. 1, at 18-22 (¶¶ 107-111, 117-125). Relevant here, Plaintiffs also asserted, in Counts XV and XVI for attorneys fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11, both against *all defendants,* in addition to specifically seeking punitive damages in their Prayer for Relief. Id. at 30-32.

Plaintiffs' Complaint provides that this action "is a civil lawsuit brought by Plaintiffs to rectify and address the wrongful death of Ethan Taylor, which occurred while he was incarcerated at the Pierce County Jail. Id. at 2. Notably, Plaintiffs Lastinger and Taylor, the parents of Ethan Taylor and Administrators of his Estate, assert they are proper parties to pursue claims on behalf of the estate, *including but not limited to survival claims*. Id. at 3, ¶ 6. While Kayla Herrin and Kyla Thornton are also named Plaintiffs in their capacities as mothers to Ethan's surviving children, and assert they are the proper parties to pursue *all claims for wrongful death* of Ethan Taylor. Id. at 3, ¶¶ 7-10. However, none of the 16 Counts delineated in Plaintiffs' Complaint are specifically asserted as either estate or survivorship claims under

---

[1] Plaintiff's Complaint also alleges claims against several Pierce County Jail employees, the Pierce County Sheriff, and the County, itself. Id.

Georgia's Wrongful Death Statute, O.C.G.A. § 51-4-1, et seq.; *Tolbert v. Maner,* 271 Ga. 207, 518 S.E.2d 423 (1999).

Defendant Page hereby moves to dismiss the claims against him on the following bases:

1.  Plaintiffs Robert Taylor and Rebecca Lastinger have no standing to assert any claims as the surviving parents of Ethan Taylor and are not proper parties to assert survivorship claims under Georgia's Wrongful Death Act as a matter of law. Therefore, those claims should be dismissed. O.C.G.A. § 51-4-1, et seq.; Tolbert v. Maner, 271 Ga. 207, 518 S.E.2d 423 (1999).

2.  Similarly, Plaintiffs Kayla Herrin and Kyla Thornton, as the mothers of Mr. Taylor's surviving children have no standing to assert any estate claims under Georgia's Wrongful Death Act. O.C.G.A. § 51-4-1, et seq.; Tolbert v. Maner, 271 Ga. 207, 518 S.E.2d 423 (1999).

3.  Plaintiffs failed to adequately allege and state a claim of deliberate indifference to a serious medical need under *Wade v. McDade*, 106 F.4th 1251 (11th. Cir. 2024), against Defendant Page, and as such, Count VII should be dismissed for failure to state a claim under Rule 12(b)(6).

4.  Additionally, Plaintiffs' expert affidavit (Doc. 1-2) fails to meet the requirements of O.C.G.A. § 9-11-9.1. Consequently, their professional negligence claim against Defendant Page, delineated in Count IX, should be dismissed for failure to state a claim. ject to dismissal for failure to state a claim. *Henderson v. United States*, No. 4:23-CV-216, 2024 WL 2818856, at *6 (S.D. Ga. June 3, 2024).

5.  Plaintiffs claims for attorneys fees and punitive damages, as derivative claims, should also be dismissed.

## II.    <u>MEMORANDUM OF LAW & ARGUMENT</u>

### A.  Claims Under Georgia Wrongful Death Statute

Georgia's Wrongful Death Act gives rise to two distinct causes of action: (1) an individual claim for wrongful death, or survivorship action, and (2) an estate claim for pain and suffering. O.C.G.A. § 51–4–1 et seq.; *Grant v. Georgia Pacific Corp.*, 239 Ga.App. 748, 750-751, 521 S.E.2d 868, 870 (1999); *Mays v. Kroger Co.*, 306 Ga.App. 305, 701 S.E.2d 909 (2010). Georgia does not recognize a common law right to pursue a claim for wrongful death.  Consequently, wrongful death claims in Georgia are only permitted under the auspices of the Wrongful Death Act. O.C.G.A. § 51–4–1 et seq. *Tolbert v. Maner*, 271 Ga. 207, 518 S.E.2d 423 (1999).

O.C.G.A. § 51–4–2(a) reads: "The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence." "Thus, under subsection (a), wrongful death claims may be brought by only two categories of plaintiffs—the decedent's surviving spouse and, if there is no surviving spouse, the decedent's children." *Tolbert*, 271 Ga. at 208(2), 518 S.E.2d 423 (1999). Furthermore, punitive damages are not recoverable under Georgia wrongful death claims. O.C.G.A. §§ 51-4-2, 51-4-3, 51-4-5(a); *Childs v. U.S.*, 923 F.Supp. 1570 (1996).

Here, decedent Ethan Taylor is survived by his three minor children, and their respective mothers are listed as the plaintiffs for their respective claims.  Doc. 1, 1-3.  Mr. Taylor's parents, Robert Taylor and Rebecca Lastinger, who have listed themselves plaintiffs due to being "surviving parents" and administrators of Ethan's estate, have no standing to assert wrongful death survivorship claims as "surviving parents", as Ethan died with surviving children and the cause of action for a survivorship claim vests solely with them.  Id.  Contrary to clear Georgia law, Robert

Taylor and Rebecca Lastinger have specifically asserted they have standing and are properly asserting wrongful death survival claims. Doc. 1 at 3, ¶ 6. However, the law is clear, Robert Taylor and Rebecca Lastinger have no standing to assert such claims, and therefore, they fail to state a valid survivorship claim against Defendant Page, as well as FFP (or any other defendants). O.C.G.A. § 51-4-2(a). In this case, the Ethan's surviving children (through their mothers) have the exclusive right and standing for any wrongful death survivor action. Id. Robert Taylor and Rebecca Lastinger have no such lawful claims as "surviving parents" under Georgia law. Consequently, Robert Taylor and Rebecca Lastinger's claims as it relates to any wrongful death survivorship claims in this action, including those inclusive of Counts VII and IX, are subject to being dismissed for failure to state a claim.

The second cause of action permissible under the Georgia Wrongful Death Act is the estate claim. This is a separate and distinct claim from a wrongful death claim. Under Georgia law, only a decedent's surviving spouse (or if no spouse, surviving children) has the right to recover damages for wrongful death, but the administrator(s) of the decedent's estate can recover damages under a separate estate claim for the decedent's pain and suffering and for funeral, medical, and other necessary expenses resulting from injury and death of the decedent. O.C.G.A. §§ 51-4-3, 51-4-5. *Manley v. Engram*, 755 F.2d 1463 (1985), *Mays v. Kroger Co.*, 306 Ga.App. 305, 701 S.E.2d 909 (2010). The estate claim is essentially the assertion of the claim of the decedent for personal injuries, thus standing lays with the Administrator(s) of the Estate and not with the surviving spouse or surviving children in their capacities as a surviving spouse or child. O.C.G.A. § 51-4-5(b). Consequently, Plaintiffs Kayla Herrin and Kyla Thornton, as the mothers of Ethan's surviving children, lack standing to assert an estate claim in this action, as such a right is solely vested in the administrators of their father's estate—Robert Taylor and Rebecca Lastinger.

However, in the Complaint, Herrin and Thornton assert that they have standing and are proper parties to assert *all claims for the wrongful death* of Ethan Taylor. Doc. 1 at 3, ¶¶ 8, 10.  Under the foregoing cited legal authority, Ethan's surviving children have no such standing and are only proper plaintiffs as it relates to the wrongful death survivorship claim—not the estate claim. O.C.G.A. § 51-4-1, et seq.  Therefore, those claims should be dismissed for failure to state a claim under Rule 12(b)(6).

**B.  Plaintiffs Fail Allege a Claim of Deliberate Indifference to a Serious Medical Need**

In *Wade v. McDade,* the Eleventh Circuit Court of Appeals clarified what is required to state and prove a valid claim of deliberate indifference to a serious medical need. *Wade v. McDade*, 106 F.4th 1251, 1261–62 (11th Cir. 2024).

In order to state a valid claim of deliberate indifference, Plaintiffs must allege facts which (1)

So, in sum, to the question we posed to the parties, "What is the standard for establishing liability on an Eighth Amendment deliberate-indifference claim?", we answer as follows:

> 1. *First*, of course, the plaintiff must demonstrate, as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.' " *Id*. at 834, 114 S.Ct. 1970 (citation omitted).
>
> 2. *Second*, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," *id*. at 839, 114 S.Ct. 1970, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." *Id*. at 844–45, 114 S.Ct. 1970.

*Id.*

Here, Plaintiffs have not adequately alleged a deliberate indifference claim against Defendant Page.  The only substantive facts alleged against PA Page are all asserted in

7

Paragraph 31 of Plaintiffs' Complaint. Doc. 1 at 6-7. Specifically, that he approved prescription medications for Ethan Taylor on December 29, 2023, to treat symptoms related to Taylor's fentanyl withdrawal symptoms, that he was the on-call Physician Assistant, supervised nurses, and that he did not personally examine Mr. Taylor. Id. While opioid withdrawal is likely to be a serious medical condition, Plaintiffs have alleged no facts that PA Page's prescribing of medication, or his failure to personally examine Mr. Taylor were acts of subjective recklessness wherein he was subjectively aware that his actions risked serious harm to Mr. Taylor. Indeed, Plaintiffs' Complaint asserts significant factual allegations related to the severity of Taylor's withdrawals subsequent to the prescribing of medication on Friday, December 29, 2025, but *none* of these allegations allege PA Page or any other member of the FFP medical staff was aware of those developments. Doc. 1, 7-10, ¶¶ 32-66. There is no factual assertion that Page was aware of any worsening of Taylor's condition after being consulted on Friday, December 29, 2023. Furthermore, PA Page's role in prescribing medication to address the only condition he was aware of—decedent's withdrawal from fentanyl—is plainly not the sort of conduct which is deliberately indifferent in violation of federal law. He prescribed medication to address the condition he was made aware of—such an action is a deliberate response to address a medical condition and is not indicative or descriptive of subjective recklessness as used in criminal law.

Because Plaintiffs fail to allege that Defendant Page, or any other member of the medical staff were aware of the decedent's continued symptoms and condition subsequent to the prescribing of medication, Count VII in its entirety, should be dismissed for failure to state a claim.

**C.  Plaintiffs Fail to State a Valid Claim of Professional Negligence.**

O.C.G.A. § 9-11-9.1 requires plaintiffs in any professional negligence action, "to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." id.  "Georgia law is clear that "[a]bsent compliance with the expert affidavit requirement, a medical malpractice claim is subject to dismissal for failure to state a claim." *Henderson v. United States*, No. 4:23-CV-216, 2024 WL 2818856, at *6 (S.D. Ga. June 3, 2024).

Here, Plaintiffs attached an affidavit by Dr. Johnny Bates, which states that Page, Shubert, Lee, and Mullis were all professionally negligent by "failing to properly assess and treat Ethan Taylor's condition" and "failing to monitor Ethan Taylor after realizing his withdrawal from fentanyl". Doc. 1-1.  However, Dr. Bates's affidavit fails to set forth a factual basis for any of these alleged negligent acts as required by O.C.G.A. § 9-11-9.1.  In fact, Dr. Bates's affidavit sets forth no facts whatsoever as it relates to the care and treatment of Ethan Taylor other than his conclusory alleged negligent acts which are vague and identical as to all of the defendants alleged to be associated with FFP.  Further, Plaintiffs' Complaint lists a multitude of alleged acts professional negligence that are not consistent with and exceed the scope of the acts alleged by Dr. Bates. Doc. 1, 20-28.  Consequently, we are left with the simple fact that Dr. Bates's affidavit lacks the required factual basis for his opinions *and* Plaintiffs' Complaint alleges acts of professional negligence outside the scope and parameters of Bates's affidavit.  Both are grounds for dismissal, but as to Bates's affidavit failing to comply with the requirements of § 9-11-9.1, the professional negligence claim against Defendant Page should be dismissed for failure state and claim.  *Henderson v. United States*,

No. 4:23-CV-216, 2024 WL 2818856, at *6 (S.D. Ga. June 3, 2024). Similarly, the vicarious liability claims against FFP for the professional negligence claims against Page and the identical claims against Shubert, Lee, and Mullis, should also be dismissed. *Id.*

### D. Plaintiffs' Claims for Attorneys Fees and Punitive Damages

Because Plaintiffs have failed to state a claim as to both PA Page and FFP, their claims for attorneys fees and punitive damages which are derivative of those claims, should also be dismissed.

## III.    CONCLUSION

Plaintiffs have asserted claims for which they have no standing and have also failed to state a claim as to their claims against Defendant Page and Defendant FFP. Consequently, those claims should be dismissed.

Respectfully submitted, this <u>25th</u> day of August, 2025.

Hall Booth Smith, P.C.

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
T: (912) 554-0093
F: (912) 554-1973
rlittlefield@hallboothsmith.com

/s/ Wells Littlefield
R. WELLS LITTLEFIELD, III
Georgia Bar No. 335211
*Counsel for Defendant Bradley Page, PA-C*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORIGA**
**WAYCROSS DIVISION**

ROBERT TAYLOR and REBECCA
LASTINGER, as Surviving Parents and
Administrators of the Estate of ETHAN
TAYLOR, Deceased; KAYLA HERRIN, as
mother of ETHAN TAYLOR'S surviving
minor child, M.K.M; KYLA THORNTON, as
mother of ETHAN TAYLOR'S surviving
minor children, D.J.T., AND E.H.T.,

        Plaintiffs,

v.

PIERCE COUNTY, GEORGIA; Johnny
Mizell, in his Individual Capacity; Chanda
Shubert, LPN, in her Individual Capacity;
Sheriff John Ramsey Bennett, Individually
and in his Official Capacity as Sheriff of
Pierce County, Georgia; Dr. Clay Lee, in his
Individual Capacity; Dr. Jeffy Mullis, in his in
his Individual Capacity; Faith Family
Practice, LLC; Bradley Page, PA-C, in his
Individual Capacity; Clifford Mosley, in his
Individual Capacity; Germiska McGauley-
Mailes, in her Individual Capacity,

        Defendants.

**CIVIL FILE ACTION NUMBER:**

**5:25-cv-00072-LGW-GWC**

**CERTIFICATE OF SERVICE**

        I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANT BRADLEY PAGE, PA-C,** upon all parties to this matter via the CM/ECF filing system for the Southern District of Georgia, which will automatically send an electronic notification of such filing to the following:

Brent J. Savage, Esq.
**SAVAGE, TURNER, PINCKNEY,**
**SAVAGE & SPROUSE**
102 E. Liberty Street, 8th Floor (31401)
P.O. Box 10600
Savannah, Georgia 31412
bsavage@savagelawfirm.net
*Counsel for Plaintiffs*

A. Alexandra Brown, Esq.
**BROWN & THIGPEN, PC**
215 A. Albany Avenue
Waycross, Georgia 31501
Brownandthigpenlaw@gmail.com
*Counsel for Plaintiffs*

This <u>25th</u> day of August, 2025.

Hall Booth Smith, P.C.

*/s/ Wells Littlefield*
3528 Darien Highway, Suite 300          R. WELLS LITTLEFIELD, III
Brunswick, Georgia 31525                Georgia Bar No. 335211
T: (912) 554-0093                       *Counsel for Defendant Bradley Page, PA-C*
F: (912) 554-1973
rlittlefield@hallboothsmith.com