IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROBERT TAYLOR, REBECCA LASTINGER, KAYLA HERRIN, and KYLA THORNTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>PIERCE COUNTY, GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:25-cv-72 |

**O R D E R**

Defendants Pierce County, John Ramsay Bennett, Clifford Mosely, Germiska McGauley-Miles, and Johnny Mizell filed a Motion to Stay Discovery.[1]  Doc. 27.  Defendants ask the Court to stay all discovery until the resolution of Defendants' motion to dismiss.  Id. at 1.  Plaintiffs filed a Response to Defendants' Motion, opposing a stay.  Doc. 32.  For the reasons discussed below, the Court **GRANTS** Defendants' Motion and **STAYS** discovery and all other Rule 26 obligations until the resolution of Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell's motion to dismiss.

The following procedural history is relevant to Defendants' Motion.  Plaintiffs filed their original Complaint on August 18, 2025.  Doc. 1.  Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell filed a motion to dismiss.  Doc. 22.  In Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell's motion to dismiss, they contend that Plaintiffs fail to state a claim against them and Plaintiffs' claims are barred by qualified and sovereign

---

[1] The use of the name "Johnny Mizell" in this Order to refer to one of the movants does not represent a ruling on Defendant's contention that "Johnie Malone" is not Johnny Mizell and that Malone was not properly brought into the action.  Doc. 22 at 23.

immunity. Id. at 2–3. Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell also filed a Motion to Stay Discovery. Doc 27. In the Motion to Stay Discovery, Defendants argue discovery should be stayed pending the resolution of their motion to dismiss because, if the motion to dismiss is granted, discovery would be unnecessary for the claims against them. Id. at 3.

Plaintiffs contend a stay is not appropriate. Doc. 32. Plaintiffs state that Defendants' motion to dismiss lacks merit. Doc. 32 at 4. Plaintiffs argue that "there are factual scenarios in which Defendants would not be afforded immunity," such that Defendants' motion to dismiss is not dispositive. Id.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F. App'x 803,

807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion."  Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "A stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id. (cleaned up).

Defendants have met their burden in showing a stay is necessary.  A "preliminary peek" at Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell's motion to dismiss reveals, if granted, the case against five of ten Defendants would be dismissed entirely and that would significantly reduce the scope of discovery against the remaining Defendants. Sams, 2016 WL 3339764, at *6. Staying discovery will allow the Court to properly evaluate Defendants' motion before proceeding with discovery that may be costly for all parties.  Additionally, Defendants Pierce County, Bennett, Mosely, and McGauley-Miles all raise defenses of qualified or sovereign immunities.  "Facial challenges to the legal sufficiency of a claim or defense . . . should be resolved before discovery begins." Chudasama, 123 F.3d at 1367.

For the reasons explained above, a stay is appropriate. The Court, therefore, **GRANTS** Defendants' Motion to Stay Discovery and **STAYS** discovery and all other Rule 26 obligations until the resolution of Defendants Pierce County, Bennett, Mosely, McGauley-Miles, and Mizell's motion to dismiss. If any claims remain pending after resolution of the motion to dismiss, this stay shall lift automatically.

**SO ORDERED**, this 21st day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA