# In the United States District Court for the Southern District of Georgia Waycross Division

ROBERT TAYLOR, et al.,

Plaintiffs,

v.

PIERCE COUNTY, GEORGIA, et al.,

Defendants.

CV 525-072

## ORDER

Before the Court are Defendants' motions to dismiss, dkt. nos. 48–52, as well as Plaintiffs' motion for leave to file a second-amended complaint, dkt. no. 72. The motions have been fully briefed and are ripe for review.

## BACKGROUND

This suit was filed by surviving family members of Ethan Taylor ("Taylor"). Taylor died while in custody at the Pierce County Jail in Blackshear, Georgia, on December 30, 2023, and Plaintiffs' claims are based on the events leading to his death. See generally Dkt. No. 46.

Plaintiffs[1] initiated this civil rights action on July 18, 2025. Dkt. No. 1. Soon thereafter, Defendants moved to dismiss

[1] Plaintiffs consist of Taylor's parents, Robert Taylor and Rebecca Lastinger, as well as the mothers of Taylor's minor children, Kayla Herrin and Kyla Thornton.

the complaint. Dkt. Nos. 14, 17, 18, 22. The Court stayed all discovery deadlines pending resolution of Defendants' motions. Dkt. No. 37. Then, upon Plaintiffs' motion, dkt. no. 33, the Court granted Plaintiffs leave to file an amended complaint, dkt. no. 43, which Plaintiffs did on March 31, 2026, dkt. no. 46. As a result, the Court denied Defendants' motions to dismiss as moot. Dkt. No. 47. Defendants then moved to dismiss the amended complaint. Dkt. Nos. 48—52. Plaintiffs responded in opposition, dkt. nos. 60, 61, and Defendants replied, dkt. nos. 65, 66. In the meantime, the Court again stayed all discovery deadlines pending resolution of the motions to dismiss. Dkt. No. 63. The Court set a motions hearing for October 14, 2026. Two days before the hearing, Plaintiffs moved for leave to file a second amended complaint. Dkt. No. 72. On the same date, the parties filed a consent motion to continue the motions hearing, dkt. no. 73, which the Court granted, dkt. no. 74. Plaintiffs' motion for leave to amend has now been fully briefed. Dkt. Nos. 72, 75, 77.

**LEGAL STANDARD**

Generally, if a party may not amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should freely give leave "when justice so requires." Id. A court may deny leave to amend

"where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

The Court "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 F. App'x 841, 844 (11th Cir 2011) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010)). "A complaint must be dismissed if it fails to state a claim upon which relief could be granted." Id. (citing Fed. R. Civ. P. 12(b)(6)). "[T]he reviewing court must 'accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.'" Id. (cleaned up) (quoting Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)). To survive a motion to dismiss, the proposed complaint must "state a claim for relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Therefore, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The proposed complaint "need not include detailed factual allegations, but it must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Even so, the Rule 15 standard remains a liberal one. "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted); see also Acosta v. Smart Ala., LLC, No. 1:22-cv-1209, 2023 WL 2447597, at *2 (N.D. Ga. Mar. 10, 2023) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."); Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980))).

**DISCUSSION**

Plaintiffs move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file a second-amended complaint. Dkt. No. 72. Plaintiffs state the proposed second-amended complaint "narrows this case" because it "drops six defendants

and five counts, corrects the name of one defendant and the identity of one corporate defendant, adds one individual defendant, and re-pleads the remaining claims." Id. at 1.

Defendants Pierce County, Clifford Mosely and Germiska McGauley-Miles expressly do not oppose Plaintiffs' motion for leave to amend, because the proposed second-amended complaint omits all claims against them. Dkt. No. 75 at 1. Similarly, Defendant Sheriff John Bennett expressly does not oppose Plaintiffs' motion, because the proposed second-amended complaint omits all official-capacity claims against him. Id. at 2. The only Defendant to expressly oppose Plaintiffs' motion for leave to amend is Johnie Lee Malone, whom Plaintiff misidentified as "Johnny Mizell" in the original and first-amended complaints. Id.; see also Dkt. Nos. 1, 46. Malone is the Defendant whose name Plaintiffs seek to correct through filing a second-amended complaint. Dkt. No. 72 at 2.

**I. Plaintiffs' Delay**

The Court first addresses Plaintiffs' delay in moving to correct Malone's misidentification.[2] The following facts are undisputed.

On August 6, 2025, Johnie Lee Malone was served with a complaint and summons addressed to "Johnny Mizell." Dkt. No. 4;

---

[2] Plaintiffs' proposed second-amended complaint contains the same claims and general factual allegations against Malone as the original and first-amended complaints asserted against Mizell. Compare Dkt. Nos. 1 and 46 with Dkt. No. 72-1.

Dkt. No. 75 at 3. On September 9, 2025, Malone specially appeared and joined Defendants' motion to dismiss the original complaint, explicitly alerting Plaintiffs that no claims or factual allegations were asserted against Johnie Malone and arguing that process naming "Johnny Mizell" was defective. Dkt. No. 22. When Plaintiffs filed their response to that initial motion to dismiss, they ignored Malone's arguments and erroneously referred to "Mizell" as a moving party. Dkt. No. 31. When Plaintiffs subsequently amended their pleading on March 31, 2026, they again failed to name Johnie Malone or include any allegations against him. Dkt. No. 46. Defendants and Malone then moved to dismiss the first amended complaint, dkt. no. 48, once again detailing that the amended pleading remained entirely silent as to Malone. Then—more than a year after Plaintiffs were first put on notice that Malone "has never gone by the name 'Mizell,'" dkt. no. 22 at 6, almost six months after Defendants raised the issue for a second time, and on the eve of oral argument on Defendants' motions to dismiss the first-amended complaint—Plaintiffs sought to add Malone as a defendant in this action. Dkt. No. 72.

A court may deny leave to amend "where there is substantial ground for doing so, such as undue delay." <u>Muhammad</u>, 494 F. App'x at 958 (quoting <u>Reese</u>, 527 F.3d at 1263). However, generally, the mere passage of time, without more, is an

insufficient reason to deny leave to amend a complaint. Floyd v. E. Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989), rev'd on other grounds, 499 U.S. 530 (1991).

Here, Plaintiffs contend there was no undue delay in moving to amend their complaint a second time. Dkt. No. 72 at 4. They seek to "amend now because Defendants' motions to dismiss identified problems with the pleading that, on reflection, Plaintiffs agree should be corrected." Id. Plaintiffs' apparent explanation for their failure to correct Malone's name in their first amended complaint is that their first amendment was "for the limited purpose of curing alleged defects in the expert affidavit" attached to their original complaint. Id. at 2; see also Dkt. No. 1-2.

While puzzled by Plaintiffs' failure to correct Malone's name with their first amendment, the Court finds Plaintiffs' delay in seeking amendment is accompanied by no aggravating factor that would permit denial of their motion to amend. Notably, no discovery has taken place in this matter. Indeed, Malone does not argue that he would be prejudiced were amendment permitted.

**II. Futility**

Instead, Malone contends Plaintiffs' proposed amendment to correct his name is futile because Plaintiffs' claims are now untimely and do not relate back to the filing of the original

complaint. Dkt. No. 75 at 2. In support, Malone argues that service upon him of a complaint and summons addressed to "Johnny Mizell" was insufficient to put him on notice that *he* was a defendant in this action. Id. at 3. He also argues that he did not have notice within the statute of limitations period that Plaintiffs would have sued *him* but for a mistake. Id. Finally, Malone argues that Plaintiffs' delay in seeking to correct his name contributed to his assessment that he was not an intended defendant. Id. at 4-5.

In support of their motion for leave to amend, Plaintiffs argue that their correction of Malone's name in the proposed second-amended complaint simply corrects a misnomer, and no relation-back analysis is necessary. Dkt. No. 77 at 2.

"[W]here there has been actual service on the correct defendant but the defendant has been denominated by the wrong name in the pleadings, even if there exists another by such name, correction by amendment of this misnomer may be done, which does not constitute a substitution of parties." Foskey v. Vidalia City Sch., 574 S.E.2d 367, 370 (Ga. Ct. App. 2002) (citing Franklyn Gesner Fine Paintings, Inc. v. Ketcham, 314 S.E.2d 903, 905 (Ga. 1984)). "Where the defendant can show no harm, the correction of a misnomer, . . . is not an abuse of discretion." Id. This is true "even if the statute of limitation has run." Id. at 370.

Here, there is no dispute that Malone, the correct defendant, was actually served with the summons and complaint within the statute of limitations period. While Malone contends that service was deficient because the summons and complaint listed "Johnny Mizell" as a defendant, his argument is without merit. "[C]orrection of a misnomer is predicated on the fact that, although misidentified in the original complaint, the correct defendant was nevertheless served with that complaint." Mathis, 690 S.E.2d at 213. "[T]he law does not require the plaintiff to serve the defendant a second time." Id.

Further, Malone's argument that he was misled to believe he was not the intended defendant is not persuasive. The complaint identified "Mizell" as a "jailer" at the Pierce County Jail who was on duty "on the days immediately preceding and on the night of Taylor's death, December, 30, 2023." Dkt. No. 1 at 3. The complaint alleges Mizell was mandated to conduct "in-person surveillance at fifteen-minute intervals for inmates identified as suicidal and/or recovering from intoxicants." Id. at 2, 3. The complaint describes specific actions performed by Mizell at the jail on the evening of December 30, 2023. See, e.g., id. at 8 (alleging that, at five o'clock p.m., Mizell and Gerome Eason, an inmate trustee, distributed meals to inmates in the "K" ward); id. at 9 (alleging that, at 7:12 p.m., Mizell took Taylor his prescribed medications and a drink). These allegations are

sufficient to put Malone on notice that *he* was the defendant misidentified as Mizell.

Georgia courts "do *not* hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process." Carrier Transicold Div. v. Se. Appraisal Res. Assocs., Inc., 504 S.E.2d 25, 27 (Ga. Ct. App. 1998) (quoting United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947)). "[T]he purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." Id.; see also Ketcham, 314 S.E.2d at 905 ("'It is an elementary rule of pleading that substance, not mere nomenclature, controls.'" (quoting McDonald v. State, 151 S.E.2d 121 (Ga. 1966))).

Because service on Malone was sufficient under Georgia law, and he has shown no harm as a result of Plaintiffs' misidentifying him as Mizell in the original and first-amended complaints, Malone's frivolity argument regarding the statute of limitations fails.[3] Plaintiffs' motion to amend being otherwise unopposed, the motion is **GRANTED**.

---

[3] Notably, Malone does not argue that amendment would be futile based on the merits of Plaintiffs' claims.

## CONCLUSION

Plaintiffs' motion for leave to file a second-amended complaint, dkt. no. 72, is **GRANTED**. The Clerk is **DIRECTED** to docket the proposed second-amended complaint, dkt. no. 72-1, as a separate entry upon the record. As a result, Defendants' motions to dismiss the first-amended complaint, dkt. nos. 48—52, are **DENIED as moot.**

**SO ORDERED**, this 24 day of November, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA